The State vs. Dean.

THE STATE vs. DEAN.

*April 23 — May 12, 1888.*

CRIMINAL LAW. *(1) Pleading: Unlawful assembly: Riot. (2) Positive and negative testimony: Court and jury: Instructions.*

1. An information stating that at a certain time and place the defendants, to the number of three and more, "then and there being together, did then and there, in a violent, unlawful, and tumultuous manner, to the disturbance of the peace and to the terror and disturbance of others then and there present, assault," etc., is held to charge an offense under sec. 4511, R. S.

2. The evidence being conflicting as to whether a defendant charged with riot did or did not kick a certain drum, it was error for the court to charge the jury, in effect, that where two persons are at the same place, and one swears that a particular fact happened, and the other that it did not, the affirmative witness must be believed.

EXCEPTIONS from the Circuit Court for *Rock* County. The defendant *Dean* was found guilty under an information charging that on May 28, 1886, at the city of Beloit, he and other persons named to the number of three and more, "then and there being together, did then and there

in a violent, unlawful, and tumultuous manner, to the disturbance of the peace and to the terror and disturbance of others then and there present, assault, strike, wound and beat [persons named], and did then and there, in a violent, unlawful, and tumultuous manner, break, injure, and destroy a bass drum and a violin and bow then and there in the possession of said [persons named], and did also in like manner then and there injure and tear the clothing of said [persons named], and other wrongs to the said [persons named] and others then and there present, then and there, violently, unlawfully, and tumultuously did, to the great damage of the said [persons named] and others then and there present, and against the peace and dignity of the state of Wisconsin."

The persons assaulted and whose property was destroyed were members of the so-called "Salvation Army." Other facts are stated in the opinion.

For the plaintiff there was a brief by the *Attorney General*, and *L. K. Luse*, Assistant Attorney General, and oral argument by *Mr. Luse.* They contended, *inter alia*, that an innocent and lawful assembly may become unlawful upon attempting to do or in doing an unlawful act in the manner prohibited in sec. 4511, R. S., and such is the rule at common law. *Bonneville v. State,* 53 Wis. 684; 2 Whart. Cr. Law, secs. 1535, 1540; *State v. Snow,* 18 Me. 346; Whart. Cr. P. & P. sec. 2220. It is the settled rule of evidence that a witness who swears positively to some circumstance which occurred and was directly observed by him, is entitled to more weight than one who testifies negatively that he did not observe the occurrence testified to by the affirmative witness. *Pennoyer v. Allen,* 56 Wis. 513; *Ralph v. C. & N. W. R. Co.* 32 id. 177; *Draper v. Baker,* 61 id. 450; *Bohan v. M., L. S. & W. R. Co.* id. 391; *Hinton v. C. C. R. Co.* 65 id. 337; *Stitt v. Huidekopers,* 17 Wall. 384; *Johnson v. Scribner,* 6 Conn. 185; 1 Phil. Ev. 598; 1 Starkie, Ev. 867.

For the defendant there was a brief by *J. G. Wickhem* and *Joseph B. Doe, Jr.,* and oral argument by *Mr. Doe.* They argued, *inter alia,* that the information should have been quashed because it does not charge riot as defined by the statute. There can be no riot unless there is first an unlawful assembly, and there can be no unlawful assembly without a common design. The information in this case charges neither the one nor the other; it does not charge that the defendant, with others, was engaged in any unlawful assembly, nor does it charge a common design. The unlawful assembly may have existed but a moment, but it must exist before there can be a riot. Again, if three or more persons, " being together," do acts of violence without any common design, it is not riot; and allegations of each and all of the necessary ingredients of the crime should be contained in the information. Sec. 4511, R. S.

TAYLOR, J.   The defendant *Dean* was informed against for being engaged in a riot or riotous assembly in the city of Beloit. Upon such information he was tried in the circuit court of Rock county with others. After hearing the evidence and the instructions of the court, the jury found him guilty as charged in the information. During the progress of the trial the defendant took exceptions to the ruling of the court upon a motion to quash the information for insufficiency.

The learned circuit judge instructed the jury as follows upon the question of positive and negative testimony: " Where there is an apparent inconsistency or contradiction in the testimony of witnesses, it is a general rule that such construction or interpretation shall be put upon it as to make it agree if possible, for the law will presume that everybody swears to the truth and no man will be guilty of perjury. If such construction can be given as will reconcile their testimonies, it shall be preferred to a construction that will make them disagree; but if the testimony cannot

be reconciled, as where one testifies in the affirmative, as that he saw a person kick a drum, and the other testifies negatively that he did not see him kick the drum, the affirmative witness is to be believed. For it is a general principle or rule of evidence that one witness thus testifying affirmatively outweighs several who thus give negative testimony. The negative witness only swears that he did not see the fact. Therefore, the fact which the affirmative swears to be true may be so, while the other did not see it and knows nothing of it. When two persons are at the same place, and one swears that a particular fact happened, and the other that it did not, this makes the contradiction to be more express than if he said that he did not see it, for it is possible that the situation may be such that a witness may know with as much certainty that a fact did not happen as it could be known that it did. But even in such cases the affirmative witness is to be believed, for the fact may have happened and the negative witness did not see it, or may have forgotten it, but the affirmative witness could not see and remember a fact that did not happen. He must therefore be believed or be supposed to be guilty of perjury, while it is unnecessary to entertain any such suspicion of the other." This instruction was duly excepted to by the defendant.

There was a motion for a new trial for the alleged errors in the refusal to quash the information, and the error in giving the above instructions, and that the verdict was against the evidence, which was overruled and exceptions taken. There was also a motion for a new trial on the minutes and upon affidavits showing newly-discovered evidence. This motion was also overruled, and exceptions taken. The case was certified to this court by the learned circuit court upon the exceptions above taken as provided in sec. 4720, R. S.

The exception taken to the motion to quash the informa-

tion, we think, was properly overruled by the learned circuit judge. The information clearly charges an offense under sec. 4511, R. S.[1]

After carefully reading the evidence in this case connecting the defendant *Dean* with the riotous proceedings in the streets of Beloit upon which the information was based, we think the learned circuit judge erred in the instructions excepted to, and undue weight was given by the learned judge to the rules of law applicable to affirmative and negative evidence. The evidence to which the instructions related was evidence tending to show that the defendant *Dean* had during the riotous proceedings in a violent manner kicked and crushed a certain drum. This fact, if established, was the main fact which connected the defendant in any manner with the riot. The evidence clearly established the fact that the drum had been kicked about the street in a violent manner, and was reduced to a complete wreck. The evidence also tended to show, and it did show, that several persons other than the defendant had struck and kicked the drum, and the attempt on the part of the state was to show that the defendant *Dean* was one of the persons engaged in kicking and destroying the drum. To our minds the question was one involving the question of the identity of the person who, in fact did the kicking more than anything else. There was evidently a great crowd and considerable excitement, to say the least, and it would be very easy for an honest witness to have been mistaken as to

---

[1] Sec. 4511, R. S., is as follows: " Any three or more persons, who shall assemble in a violent or tumultuous manner to do an unlawful act, or, being together, shall make any attempt or motion towards doing a lawful or unlawful act, in a violent, unlawful, or tumultuous manner, to the terror or disturbance of others, shall be deemed an unlawful assembly ; and if they commit such acts in the manner and with the effect aforesaid, they shall be deemed guilty of a riot, and shall be punished in either case by imprisonment in the county jail not more than one year, or by fine not exceeding five hundred dollars."— REP.

the identity of the person committing the violent acts under the circumstances. If the evidence had established the fact that the drum had been kicked but once, and some of the witnesses had testified that *Dean* kicked it, and some that another person did the kicking, the question of affirmative and negative evidence would not have been in the case at all; it would have been a question of identity.

But admitting that the case presents the question of affirmative and negative testimony, and that the question whether the defendant *Dean* at a certain time and place kicked the drum was not in any way mixed up with the identity of the person or persons doing the injury, we are still very clearly of the opinion that the instructions given are erroneous. The learned judge did not instruct the jury simply that the testimony of the affirmative witnesses was entitled to greater weight in determining the fact than the testimony of the witnesses giving the negative testimony, but he substantially instructed the jury that the testimony of the affirmative witnesses must be believed. In this the learned judge very clearly invaded the province of the jury. It is for the jury and not the court to say what witnesses or testimony is to be believed, especially in a criminal action. Had there been no evidence for the defendant on the trial except his own testimony, it would have been error to instruct the jury that they must believe the evidence of the witnesses for the state on the ground that their evidence was affirmative and the testimony of the defendant negative. It is not probable that the learned circuit judge really intended to assume any such position in his instructions in the case at bar, but we think the instructions as given might be so understood by the jury, and the defendant may therefore have been greatly prejudiced thereby.

If, however, we should construe the instructions as simply meaning that the affirmative evidence should have greater weight with the jury in determining the question

at issue than the negative, we are still of the opinion that the instructions as given were misleading. The instructions, as given, lay down an arbitrary rule without regard to the character of the affirmative and negative testimony, and not qualified by the circumstances surrounding the witnesses or their opportunities for seeing and knowing what did and what did not take place at the given time and place. The limitations and qualifications to the general rule on the subject of affirmative and negative testimony have been stated by this court in *Urbanek v. C., M. & St. P. R. Co.* 47 Wis. 59, and *Eilert v. G. B. & M. R. Co.* 48 Wis. 606. The qualifications of the rule as stated in these cases seem to have been ignored by the learned circuit judge in the instructions given in this case. The exceptions of the defendant to the instructions should have been sustained, and it was error to overrule them.

*By the Court.*— The case is remanded to the circuit court with instructions to grant the defendant a new trial.